IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**BENNY F. GWINN,**

    **Plaintiff,**

v.                                                                Case No. 2:05-cv-00551

**WEST VIRGINIA PAROLE BOARD,**

    **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is a Complaint under 42 U.S.C. § 1983 (docket sheet document # 2) and an Application to Proceed _in forma pauperis_ (# 1), which were filed by Plaintiff on July 11, 2005. This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### PLAINTIFF'S CLAIM FOR RELIEF

Plaintiff is a West Virginia Division of Corrections ("D.O.C.") inmate, who is presently incarcerated at the Southwestern Regional Jail in Holden, West Virginia. Plaintiff is serving four consecutive sentences as follows: (A) one to three years; (B) one to three years; (C) five years; and (D) five years. Plaintiff's Complaint states:

> When you add the minimums, my parole eligibility is $4^{1/2}$ years from June 30, 2004. But my complaint is how am I to discharge (A) sentence without formal hearing and notification to justify the reason I am made to discharge?

> I have been told by D.O.C. that I will discharge (A) sentence before moving on to (B) sentence.
>
> I feel my West Virginia Constitutional Rights of Due Process of Law are being violated.
>
> I don't believe the power is within the D.O.C. to make me discharge (A) sentence without a formal hearing and notification in front of the West Virginia Parole Board.

(# 2 at 5). Plaintiff requests to be moved to a D.O.C. facility and also requests a hearing before the West Virginia Parole Board to justify the reasons for having to discharge the first sentence. Plaintiff further requests that, if he is not moved by December 30, 2005, he be compensated $150 per day for not having D.O.C. privileges. (Id. at 6).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court must screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. Because it is "beyond doubt" that Plaintiff's Complaint fails to allege facts entitling him to relief, he should not be given an opportunity to offer evidence in

2

support of his claims. See, Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

## ANALYSIS

The undersigned first notes that Plaintiff is not challenging the validity of his convictions or sentences. Rather, he has raised this claim under 42 U.S.C. § 1983, alleging a violation of his right to due process.[1] Furthermore, Plaintiff has named the West Virginia Parole Board, not the D.O.C., as the defendant. To the extent that Plaintiff is seeking damages, members of the Parole Board are immune therefrom. See Pope v. Chew, 521 F.2d 400 (4th Cir. 1975); Douglas v. Muncy, 570 F.2d 499 (4th Cir. 1978).

The pertinent statutory provisions concerning parole in West Virginia are as follows:

> **§ 28-5-27 Deduction from sentence for good conduct.**
>
> (a) All adult inmates now in the custody of the commissioner of corrections, or hereafter committed to the custody of the commissioner of corrections, except those committed pursuant to article four [§§ 25-4-1 et seq.], chapter twenty-five of this code, shall be granted commutation from their sentences for good conduct in accordance with this section.
> (b) Such commutation of sentence, hereinafter called "good time," shall be deducted from the maximum term of indeterminate sentences or from the fixed term of determinate sentences.
> (c) Each inmate committed to the custody of the commissioner of corrections and incarcerated in a penal facility pursuant to such commitment shall be granted

---

[1] Plaintiff has alleged a violation of his due process rights under the West Virginia Constitution. In an action under section 1983, this court must review claims under the Constitution of the united States of America.

3

one day good time for each day he or she is incarcerated, . . . .

### § 61-11-16   Term of imprisonment for felony; indeterminate sentence.

Every sentence to the penitentiary of a person convicted of a felony for which the maximum penalty prescribed by law is less than life imprisonment, . . . shall be a general sentence of imprisonment in the penitentiary. In imposing this sentence, the judge may, however, designate a definite term, which designation may be considered by the board of probation and parole [division of corrections] as the opinion of the judge under the facts and circumstances then appearing of the appropriate term recommended by him to be served by the person sentenced. Imprisonment under a general sentence shall not exceed the maximum term prescribed by law for the crime for which the prisoner was convicted, less such good time allowance as is provided by sections twenty-seven and twenty- seven-a [§§ 28-5-27; 28-5-27a, repealed], article five, chapter twenty-eight of this Code, in the case of persons sentenced for a definite term. Every other sentence of imprisonment in the penitentiary shall be for a definite term or for life, as the court may determine. The term of imprisonment in jail, where that punishment is prescribed in the case of conviction for felony, shall be fixed by the court.

### § 62-12-13a  Eligibility date for parole.

When the prisoner has received an indeterminate sentence, the minimum sentence shall be considered as an eligibility date for parole consideration but does not confer in the prisoner the right to be released as of that date.

### § 62-12-13  Powers and duties of board; eligibility for parole; procedure for granting parole.

* * *

b) Any inmate of a state correctional center, is eligible for parole if he or she:
   (1) (A) Has served the minimum term of his or her indeterminate sentence, or has served one fourth of his or her definite term sentence, as the case may be, . . . .

Pursuant to W. Va. Code § 62-12-13a, Plaintiff must serve the minimum of each consecutive sentence before he may be eligible for parole consideration.  According to the D.O.C. Time Sheet (# 2 at 8), Plaintiff's eligibility date for parole consideration is December 30, 2008.  The Division of Corrections has computed Plaintiff's minimum discharge date for his first one to three year sentence as December 30, 2005, and his discharge date for his second one to three year sentence as December 4, 2006.  Thus, both of those sentences will be discharged before Plaintiff's parole eligibility date, a fact which Plaintiff claims violates his right to due process.

The statutory conditions of parole eligibility are part of the sentencing process, i.e., the "punishment" of a crime.  See Hill v. Jackson, 64 F.3d 163, 168 (4th Cir. 1995).  The mere existence of the parole system does not create a liberty interest protected by the Due Process Clause of the United States Constitution.  Thus, despite Plaintiff's assertion to the contrary, there is no constitutional right to parole review before discharge.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915A(b), and **DENY** Plaintiff's Application to Proceed in forma pauperis (# 1).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of this "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

|  |  |
|---|---|
| September 26, 2005 | *Mary E. Stanley* |
| Date | Mary E. Stanley |
|  | United States Magistrate Judge |